ZOUHARY, District Judge,
concurring in part and dissenting in part:
Respectfully, I concur with Section II and dissent from Section III.
I concur in the judgment of the asylum claims but write separately to clarify that remand is appropriate because the BIA decisions in these cases came down before the recent en banc opinion in Henriquez-Rivas v. Holder, 707 F.3d 1081 (9th Cir.2013). The BIA should re-examine the record to determine whether there was “evidence that members of the proposed group would be perceived as a group by society.” Id. at 1088-89. Specifically, was social visibility demonstrated through the perceptions of the persecutors? Id. at 1089-90.
A remand for this limited purpose will enable the parties and the BIA to address these questions in the first instance. Comments by the majority, purporting to modify Petitioners’ proposed social groups or to steer the IJ or BIA to a particular conclusion, defeat the purpose of the limited remand. For these reasons, I concur separately with Section II.
I dissent from Section III, which addresses Medina-Gonzalez’s CAT claim. I believe the BIA’s denial of this claim, as with the denial of Cordoba’s CAT claim, is supported by substantial evidence and would affirm. The recent decision in Tapia Madrigal v. Holder, 716 F.3d 499, 509 (9th Cir.2013) does not mandate a remand where, as here, the record supports the conclusion that the sole support for CAT relief — a car ride through several police checkpoints with Medina-Gonzalez allegedly held captive — did not satisfy his burden. As the BIA properly held: “[Medina-Gonzalez] did not show that the police were aware that he was being held captive or that they knew the men holding him.”